```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

          - v. -                    :

CAROL PEIRCE,                       :      06 Cr. 1032 (RJS)

                Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

**PARTIES' JOINT REQUESTS TO CHARGE**

> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
> Attorney for the United States
>     of America
>
> MARCUS A. ASNER,
> MARIA E. DOUVAS
>     Assistant United States
>     Attorneys - Of Counsel
>
>
> JOHN JACOB RIECK, Jr.
> Counsel for Defendant
> Carol Peirce

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

          - v. -                      :

CAROL PEIRCE,                         :    06 Cr. 1032 (RJS)

               Defendant.             :

- - - - - - - - - - - - - - - - - - - x
```

## **THE PARTIES' JOINT REQUESTS TO CHARGE**

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government and defendant Carol Peirce jointly request that the Court give the following instructions to the jury, unless otherwise indicated with respect to a particular instruction.  In instances where the parties disagree about a particular instruction, the Government's proposed instruction, or its objection, is set forth in plain courier font; and the defendant's proposed instruction, or its objection, is set forth in italicized courier font.

## GOVERNMENT REQUESTS TO CHARGE BY NUMBER

**Request No.**                                                              **Page**

1.   General Requests.. . . . . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment.. . . . . . . . . . . . . . . . . . . . . . . . 2

3.   Summary of the Indictment. . . . . . . . . . . . . . . . . . . 3

4.   Multiple  Counts.. . . . . . . . . . . . . . . . . . . . . . . 5

5.   Count One: Conspiracy: General Instructions. . . . . . . . 6

6.   Count One: Conspiracy: Purpose of the Statute. . . . . . . 8

7.   Count One: Conspiracy: Elements of the Conspiracy. . . .  10

8.   Count One: Conspiracy: First Element – Existence of the
     Conspiracy.. . . . . . . . . . . . . . . . . . . . . . . .  12

9.   Count One: Conspiracy: Second Element – Membership in the
     Conspiracy.. . . . . . . . . . . . . . . . . . . . . . . .  18

10.  Count One: Conspiracy: Third Element: Overt Act. . . . .  23

11.  Count One: Conspiracy: Time of Conspiracy. . . . . . . .  26

12.  Count One: Conspiracy: Liability for Acts and Declarations
     of Co-Conspirators.. . . . . . . . . . . . . . . . . . . .  27

13.  Count One: Conspiracy: Objects of the Conspiracy –
     Overview.. . . . . . . . . . . . . . . . . . . . . . . . .  30

14.  Count One: First Object – Embezzlement, Theft,
     Misapplication, Fraud And Conversion of Funds In The Custody
     of An Organization That Receives Federal Funds: The
     Indictment And The Statute (18 U.S.C. § 666).. . . . . .  32

15.  Count One: First Object – Embezzlement, Theft,
     Misapplication, Fraud And Conversion of Funds In The Custody
     of An Organization That Receives Federal Funds: The
     Elements.. . . . . . . . . . . . . . . . . . . . . . . . .  33

16.  Count One: First Object: Embezzlement, Theft,
     Misapplication, Fraud And Conversion of Funds In The Custody
     of An Organization That Receives Federal Funds: Defendant
     Was An Agent Of An Organization. . . . . . . . . . . . .  35

17. Count One: First Object – Embezzlement, Theft,
    Misapplication, Fraud And Conversion of Funds In The Custody
    of An Organization That Receives Federal Funds: Second
    Element: "Embezzle," "Steal," "Obtain by Fraud," "Misapply"
    and "Convert". . . . . . . . . . . . . . . . . . . . . . 36

18. Count One: First Object – Embezzlement, Theft,
    Misapplication, Fraud And Conversion of Funds In The Custody
    of An Organization That Receives Federal Funds: Third
    Element: Property "Owned By or Under The Care, Custody or
    Control of" An Organization. . . . . . . . . . . . . . . 39

19. Count One: First Object – Embezzlement, Theft,
    Misapplication, Fraud And Conversion of Funds In The Custody
    of An Organization That Receives Federal Funds: Third
    Element: Property "Owned By or Under The Care, Custody or
    Control of" An Organization. . . . . . . . . . . . . . . 40

20. Count One: First Object – Embezzlement, Theft,
    Misapplication, Fraud And Conversion of Funds In The Custody
    of An Organization That Receives Federal Funds: Fifth
    Element: Receipt of More Than $10,000 In Federal Benefits
    Within a One-Year
    Period.. . . . . . . . . . . . . . . . . . . . . . . . . 42

21. Count One: First Object – Embezzlement, Theft,
    Misapplication, Fraud And Conversion of Funds In The Custody
    of An Organization That Receives Federal Funds: Sixth
    Element: Defendant Acted "Willfully and Knowingly".. . . 45

22. Count One: Second Object – Mail Fraud: The Indictment And
    The Statute (18 U.S.C. § 1341).. . . . . . . . . . . . . 46

23. Count One: Second Element – Mail Fraud: Elements of the
    Offense. . . . . . . . . . . . . . . . . . . . . . . . . 47

24. Count One: Second Object – Mail Fraud: First Element –
    Existence Of Scheme Or Artifice. . . . . . . . . . . . . 49

25. Count One: Second Object – Mail Fraud: Second Element –
    Materiality .. . . . . . . . . . . . . . . . . . . . . . 54

26. Count One: Second Object – Mail Fraud: Third Element –
    Participation In Scheme
    With Intent To Defraud  . . . . . . . . . . . . . . . . . 55

27. Count One: Second Object – Mail Fraud: Fourth Element – Use

Of The Mails.. . . . . . . . . . . . . . . . . . . . .  58

28.  Count One: Third Object – Wire Fraud: The Indictment And The
     Statute (18 U.S.C. § 1343).. . . . . . . . . . . . . .  61

29.  Count One: Third Object – Wire Fraud: Elements of the
     Offense. . . . . . . . . . . . . . . . . . . . . . . .  62

30.  Count One: Third Object – Wire Fraud: First, Second, and
     Third Elements.. . . . . . . . . . . . . . . . . . . .  64

31.  Count One: Third Object – Wire Fraud: Fourth Element – Use
     Of Interstate Or Foreign Wires.. . . . . . . . . . . .  65

32.  Count One: Venue.. . . . . . . . . . . . . . . . . . .  68

33.  Counts Two and Three: Mail Fraud – The Indictment. . . .  70

34.  Counts Four and Five: Theft From A Program Receiving Federal
     Funds – The
      Indictment. . . . . . . . . . . . . . . . . . . . . .  71

35.  Counts Two Through Five: Aiding and Abetting.. . . . . .  73

36.  Counts Two Through Five: Guilt of Substantive Offense –
     Pinkerton Charge.. . . . . . . . . . . . . . . . . . .  76

37.  Counts Two Through Five: No Ultimate Harm. . . . . . . .  79

38.  Counts Two Through Five: Venue.. . . . . . . . . . . . .  81

39.  Variance in Dates and Amounts. . . . . . . . . . . . . .  83

40.  Limiting Instruction: Similar Act Evidence [If
     Applicable]. . . . . . . . . . . . . . . . . . . . . .  84

41.  Persons Not on Trial/Failure to Name a Defendant.. . . .  86

42.  Defendant's Testimony [Requested only if a defendant
     testifies.]. . . . . . . . . . . . . . . . . . . . . .  87

43.  Defendant's Right Not to Testify [If requested by
     defense.]. . . . . . . . . . . . . . . . . . . . . . .  88

44.  Law Enforcement Witnesses. . . . . . . . . . . . . . . .  89

45.  Cooperating Witnesses [If Applicable]. . . . . . . . . .  90

46.  Character Witnesses [If Applicable]. . . . . . . . . .  94

47.  Preparation of Witnesses [If Applicable].. . . . . . .  96

48.  Uncalled Witnesses – Equally Available.. . . . . . . .  97

49.  Charts and Summaries – Admitted As Evidence [If
     applicable]. . . . . . . . . . . . . . . . . . . . . .  98

50.  Summary Charts –  Not Admitted as Evidence [If
     applicable]. . . . . . . . . . . . . . . . . . . . . .  99

51.  Stipulations [If Applicable].. . . . . . . . . . . . . 100

52.  Use of Evidence Obtained Pursuant to Search. . . . . . 101

53.  Particular Investigative Techniques Not Required [If
     Applicable]. . . . . . . . . . . . . . . . . . . . . . 102

54.  Sympathy: Oath as Juror. . . . . . . . . . . . . . . . 104

55.  Conclusion.. . . . . . . . . . . . . . . . . . . . . . 105

**REQUEST NO. 1**

**General Requests**

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury;

b.   Evidence;

c.   Rulings on Objections and Evidence;

d.   Statements of Court and Counsel Not Evidence;

e.   Burden of Proof and Presumption of Innocence;

f.   Reasonable Doubt;

g.   Government Treated Like Any Other Party;

h.   Definitions and Examples of Direct and Circumstantial Evidence;

I.   Credibility of Witnesses;

j.   Interest in Outcome;

k.   Right to See Exhibits and Have Testimony Read During Deliberations;

l.   Punishment Is Not To Be Considered by the Jury; and

m.   Verdict of Guilt or Innocence Must be Unanimous.


_Defendant's Objections/Proposed Language_

1

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. I will first summarize the offenses charged in the Indictment. Then I will explain in detail the elements of each offense.

*Defendant's Objections/Proposed Language*

## REQUEST NO. 3

### Summary of the Indictment

The Indictment in this case contains five counts. Count One charges that, from at least in or about 1999, through in or about November 2005, the defendant conspired with others to violate the federal criminal laws prohibiting (I) the embezzlement, theft, obtaining by fraud or conversion of money from an organization that received Federal money (in this case, the Women, Infants, Children or WIC program at New York-Presbyterian Hospital); (ii) mail fraud; and (iii) wire fraud.

Count Two charges that, from in or about May 1999, through in or about November 2005, the defendant committed mail fraud and aided and abetted the commission of that crime.  In particular, Count Two charges that PEIRCE engaged in a scheme to use a New York-Presbyterian WIC Program American Express Card to purchase items and services for her own personal use, and then induce fraudulently the New York-Presbyterian WIC Program to pay American Express for the personal charges she had incurred.

Count Three charges that, from in or about September 2001, through in or about August 2005, the defendant committed mail fraud and aided and abetted the commission of that crime. In particular, Count Three charges that PEIRCE engaged in a scheme to defraud the New York-Presbyterian WIC Program into paying for a cleaning woman to clean PIERCE's personal residence.

3

Count Four charges that, from in or about February 2001, through in or about September 2003, PEIRCE embezzled, stole, obtained by fraud or converted money from the WIC program. In particular, Count Four charges that PEIRCE and another stole approximately $15,275 from the New York-Presbyterian WIC Program by falsely representing that the money was being used to pay Mejia Grocery in Queens, New York, for WIC program-related food demonstration materials.

Count Five charges that, from on or about August 12, 2005, through on or about October 1, 2005, PEIRCE embezzled, stole, obtained by fraud or converted money from the WIC program. In particular, Count Five charges that PEIRCE caused others in the New York-Presbyterian WIC Program to submit false time sheets representing that PEIRCE was working at the New York-Presbyterian WIC Program, thereby inducing the New York-Presbyterian WIC Program to pay her over $10,000, when she in fact no longer worked for the New York-Presbyterian WIC Program and was working at the Palm Beach County, Florida, Health Department.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 4**

**Multiple Counts**

As I just indicated, the Indictment contains a total of five counts.  Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-8 (1999); see United States v. Sanzo, 673 F.2d 64 (2d Cir.), cert. denied, 459 U.S. 858 (1982).

*Defendant's Objections/Proposed Language*

5

**REQUEST NO. 5**

**Count One: Conspiracy**

**General Instructions**

Count One of the Indictment charges the defendant with participating in a conspiracy to violate the laws of the United States.  Specifically – and I am reading now from the Indictment – Count One charges that:

> [The Court is respectfully
> requested to read Count One of the
> Indictment, up to the "overt act"
> section.]

As I said before, the defendant is charged with having been a member of a conspiracy to violate the federal laws prohibiting (I) the embezzlement, theft, obtaining by fraud or conversion of money from an organization that received Federal money (in this case, the WIC program); (ii) mail fraud; and (iii) wire fraud.  A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or agreement – to violate a federal law, as charged in Count One of this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime

6

of conspiracy to commit the underlying crimes of stealing from or defrauding the WIC program, mail fraud, and wire fraud, even if you find the defendant did not actually commit the underlying crimes of stealing from the WIC program, mail fraud, or wire fraud. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (S.D.N.Y. 1992); Sand et al., Modern
> Federal Jury Instructions, Instr. 19-2.

*Defendant's Objections/Proposed Language*

## REQUEST NO. 6

## Count One:  Conspiracy

### Purpose of the Statute

A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws – such as the laws prohibiting (I) the embezzlement, theft, obtaining by fraud or conversion of money from an organization that received Federal money; (ii) mail fraud; and (iii) wire fraud – which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.  Moreover, you may find the defendant guilty of conspiracy despite the fact that she was incapable of committing the underlying substantive crimes.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.  This is because collective criminal activity poses a

greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., Modern Federal Jury Instructions, Instr. 19-2.

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

*Defendant's Objections/Proposed Language*

**REQUEST NO. 7**

**Count One: Conspiracy**

**Elements of Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate the law of the United States. Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that she knowingly associated herself with the conspiracy, and participated in the conspiracy.

Third, the Government must prove that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York.  I will give you further instructions later concerning the boundaries of the Southern District of New York.

10

Now let us separately consider the three elements:
First, the existence of the conspiracy; second, whether the
defendant knowingly associated herself with and participated in
the conspiracy; and third, whether an overt act was committed in
furtherance of the conspiracy.

> Adapted from the charge given by the
> Honorable Robert J. Ward in United States v.
> Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999),
> and the charge given by the Honorable Leonard
> B. Sand in United States v. Rios, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992), and from Sand, Modern
> Federal Jury Instructions, Instr. 19-3.

> See United States v. Maldonado-Rivera, 922 F.2d
> 934, 961-62 (2d Cir. 1990) (quoting district court
> charge setting forth three elements of
> conspiracy), cert. denied, 111 S. Ct. 2858 (1991),
> and United States v. Ciambrone, 787 F.2d 799, 810
> (2d Cir. 1986) (discussing elements of
> conspiracy).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 8**

**Count One: Conspiracy**

**First Element – Existence of the Conspiracy**

Starting with the first element, what is a conspiracy? As I mentioned just a moment ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purposes alleged to be the objects of the conspiracy in Count One are (I) embezzling, stealing, obtaining by fraud or converting money from an organization that received Federal funds (in this case, the WIC program at New York-Presbyterian WIC Hospital); (ii) mail fraud; and (iii) wire fraud.  I will explain these terms for you in moment.

For the first element, the Government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in Count One.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

The conspiracy alleged here, therefore, is an <u>agreement</u> to commit the alleged object of the conspiracy, that is:

12

an <u>agreement</u> to commit an unlawful act.  It is an entirely distinct and separate offense from the <u>actual</u> substantive crimes of (I) embezzling, stealing, obtaining by fraud or converting money from an organization that received Federal funds; (ii) mail fraud; and (iii) wire fraud..

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proved by direct evidence of an explicit agreement.

It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly come to a common understanding, a common plan that they will violate the law and accomplish an unlawful plan.  In order to find that a conspiracy existed, you need only find that the defendant entered into the charged unlawful agreement with one or more other persons to steal from or defraud the WIC program, commit mail fraud, or commit wire fraud.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, through any contrivance, explicitly or implicitly – that

13

is, tacitly – came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the

14

means alleged, the objectives of the conspiracy.

Objectives of the Conspiracy

Count One of the Indictment charges a conspiracy with three objectives.  Again, the first objective of the conspiracy charged in Count One is embezzling, stealing, obtaining by fraud or converting money from an organization that received Federal funds (in this case, the WIC program at New York-Presbyterian WIC Hospital); the second objective is mail fraud; and third objective is wire fraud.  Separately, the Indictment also charges two of these crimes – mail fraud (in Counts Two and Three) and theft from a program receiving federal funds (in Counts Four and Five) – as separate substantive offenses.  I will explain the law governing these offenses, including the elements of the offenses, for you later in this charge.

You need not find that the conspirators agreed to accomplish all three of these objectives.  An agreement to accomplish any one of these objectives is sufficient.  However, if the Government fails to prove that at least one of the objectives was an objective of the conspiracy in which a defendant participated, then you must find the defendant not guilty on Count One.

If you find that the conspirators agreed to accomplish any one of the objectives charged by the Indictment, the illegal purpose element will be satisfied.  However, you must all agree

15

on at least one of the alleged specific objectives of the
conspiracy.

> Adapted from Sand et al., _Modern Federal Jury_
> _Instructions_, Instr. 19-4; the charge of the
> Honorable Leonard B. Sand in _United States_ v.
> _Rios_, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the
> charge in _United States_ v. _Helmsley_, 941 F.2d
> 71, 91 (2d Cir. 1991) (quoting and approving
> "objectives" language); and the charge in
> _United States_ v. _Cassino_, 467 F.2d 610, 618-
> 19 (2d Cir. 1972).

> _See United States_ v. _Rea_, 958 F.2d 1206, 1214
> (2d Cir. 1992) ("In order to prove
> conspiracy, the government need not present
> evidence of an explicit agreement; proof of a
> tacit understanding will suffice.  The
> conspirators need not have agreed on the
> details of the conspiracy, so long as they
> have agreed on the essential nature of the
> plan, and their goals need not be congruent,
> so long as they are not at cross-purposes.")
> (citations omitted); _United States_ v.
> _Montour_, 944 F.2d 1019, 1025 (2d Cir. 1991)
> ("To prove the existence of an agreement, the
> government need not present evidence of a
> formal arrangement between the co-
> conspirators.  Rather, it is sufficient if
> the government can demonstrate that the
> defendant acted together with others to
> realize a common goal.") (citations omitted).
> _See also United States_ v. _Rubin_, 844 F.2d
> 979, 983-84 (2d Cir. 1988) (generally
> discussing proof of agreement).

## _Defendant's Objections/Proposed Language_

_With regard to Request No. 8, the defendants objects
to, and requests the court exclude, the proposed language in the
first full paragraph on page 13 and page 15 change the second
full paragraph to:_

*You need not find the conspirators agreed to accomplish all three of these objectives. An agreement to accomplish any one of these objectives is sufficient, so long as you are unanimous as to the objective. However, if the Government fails to prove to your unanimous satisfaction that at least one of the objectives was an objective of the conspiracy in which a defendants participated, then you must find the defendant not guilty on Count One.*

**REQUEST NO. 9**

**Count One: Conspiracy**

**Second Element – Membership in the Conspiracy**

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the defendant was a member of the conspiracy.  To determine whether the defendant became a member of the conspiracy, you must determine not only whether she joined in it, but whether she did so with knowledge of its unlawful purpose or purposes.  That is, did the defendant join in the conspiracy with an awareness of at least some of its unlawful aims and purposes?

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

"Unlawfully," "Willfully" and "Knowingly" Defined

The terms "unlawfully" and "willfully" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, she knew what she was doing; in other words,

18

that she took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done intentionally, deliberately and purposely; that is, the defendant's acts must have been the product of her conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that she was breaking any particular law, but she must have been aware of the generally unlawful nature of her acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts and conversations alleged to have taken place with the defendant and her co-conspirators.  The Government contends that these acts or conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

The defendant denies that she was a member of a conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the

defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on her part.  To have guilty knowledge, the defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for the defendant to know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for the defendant to receive any monetary benefit from her participation in the conspiracy, or have a financial stake in the outcome.  It is enough if she participated in the conspiracy unlawfully, willfully and knowingly, as I have defined those terms.

        The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  She need not have joined the conspiracy at the outset; she may have joined it at any time in its progress.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

        However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is

20

coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, she is presumed to continue her membership in the venture until its termination, unless it is shown by some affirmative proof that she withdrew and disassociated herself from it.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS.) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States

v. <u>Townsend</u>, 987 F.2d 927 (2d Cir. 1993)
(defining "intentionally").  <u>See</u> <u>United</u>
<u>States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir.
1992) ("The defendant's knowledge of the
conspiracy and participation in it with the
requisite criminal intent may be established
through circumstantial evidence.  A defendant
need not have joined a conspiracy at its
inception in order to incur liability for the
unlawful acts of the conspiracy committed
both before and after he or she became a
member.").  <u>See</u> <u>also</u> <u>United</u> <u>States</u> v.
<u>Miranda-Ortiz</u>, 926 F.2d 172, 175-76 (2d Cir.
1991) (generally discussing proof required to
show membership in conspiracy); <u>United</u> <u>States</u>
v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d
Cir. 1990) (same).

*<u>Defendant's Objections/Proposed Language</u>*

## REQUEST NO. 10

### Count One: Conspiracy

### Third Element: Overt Act

The third element is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators in the Southern District of New York. The purpose of the overt act requirement is this: there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

Count One of the Indictment contains a section entitled "overt acts." These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objective of the conspiracy.

> [The Court is respectfully
> requested to read the "OVERT ACTS"
> section of Count One of the
> Indictment.]

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the particular overt act alleged in the Indictment, nor must you find that the defendant herself committed an overt act. It is sufficient for the Government to show that a member of the

conspiracy knowingly committed an overt act in furtherance of the conspiracy during the life of the conspiracy.

You are further instructed that an overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

Let me put this colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from charges given by the Honorable Robert J. Ward in United States v. Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999) and by the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from Sand, Modern Federal Jury Instructions, Instr. 19-8.  See United States v. Provenzano, 615 F.2d 37 (2d Cir. 1980)

(discussing overt act requirement).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 11

## Count One: Conspiracy

## Time of Conspiracy

The Indictment charges that the conspiracy existed from at least in or about 1999, through in or about November 2005.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates set forth in the Indictment.

Moreover, it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.  The same is true for other factual contentions in the Indictment; only a substantial similarity is required.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991);  Sand et al., Modern Federal Jury Instructions, Instr. 3-12.

*Defendant's Objections/Proposed Language*

26

**REQUEST NO. 12**

**Count One: Conspiracy**

**Liability for Acts and Declarations of Co-Conspirators**

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance

27

of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, and without her knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Honorable
> Michael B. Mukasey in United States v. Salam,
> S1 98 Cr. 208 (MBM (S.D.N.Y. 1999).  See
> United States v. Mastropieri, 685 F.2d 776,
> 786-90 (2d Cir. 1982) (specifically mandating
> that juries not be invited to reconsider the
> admissibility of co-conspirator hearsay).

_Defendant's Objections/Proposed Language_

*With regard to Request No. 12, the defendant requests the fourth and fifth paragraphs on pages 27 and 28 be changed to:*

> *If you find, beyond a reasonable doubt, and based on non-hearsay statements, that the*

defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, or without her knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine based on non-hearsay statements, that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

29

**REQUEST NO. 13**

**Count One: Conspiracy**

**Objects of the Conspiracy – Overview**

Now, as I mentioned, Count One of the Indictment charges a conspiracy with three objectives: the first objective is the embezzling, stealing, obtaining by fraud or converting money from an organization that received Federal funds (in this case, the WIC program at New York-Presbyterian WIC Hospital); the second objective is mail fraud; and third objective is wire fraud. I will now instruct you on the elements of these three objectives.

As I mentioned earlier, wholly apart from their inclusion as part of the conspiracy charged in Count One, two of the objects of the conspiracy – committing mail fraud and stealing from the WIC program – also are charged as separate substantive offenses. So you should bear in mind that the law relating to theft from the WIC program and mail fraud discussed here in connection with the conspiracy charged in Count One also applies where those acts are charged as separate crimes in other counts. I instruct you that this is permissible. A crime may be punished for its own sake and it may also be an object of a conspiracy — which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.

When the object of the conspiracy relates to

30

substantive counts, I will instruct you on the law that applies
to the object of the conspiracy and ask you to apply the same law
to the substantive counts which are charged as separate crimes.

I also point out to you, by way of introduction, that
the first object of the conspiracy I am going to instruct you
about is the embezzling, stealing, obtaining by fraud or
converting money from an organization that received Federal
funds.  I next will instruct you about mail fraud, and then wire
fraud.  As you will see, the first three elements of the crime of
mail fraud are exactly the same as the first three elements of
the crime of wire fraud.  It is only the fourth element that is
different between those two objects.  So listen carefully as I
define the first three elements for you in connection with the
mail fraud charges, because I will not repeat them when we get to
wire fraud.


_Defendant's Objections/Proposed Language_

**REQUEST NO. 14**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:
The Indictment And The Statute (18 U.S.C. § 666)**

The first object of the conspiracy charged in Count One is the embezzlement, theft, defrauding, intentional misapplication, and knowing conversion of funds in the custody of an organization that receives subsidies and other forms of federal funds (in this case, the Women, Infants, Children or WIC program at New York-Presbyterian Hospital), in violation of Title 18, United States Code, Section 666.

The relevant portion of Section 666 provides that it shall be unlawful for any person:

> Being an agent of an organization, or of a
> State [or] local government, or any agency
> thereof . . . that receives in any one year
> period, benefits in excess of $10,000 under a
> Federal program involving a grant, contract,
> subsidy, loan . . . or other form of Federal
> assistance, [to] embezzle[], steal, obtain[]
> by fraud, or otherwise without authority
> knowingly convert[] to the use of any person
> other than the rightful owner or
> intentionally misappl[y] property that is
> valued at $5,000 or more, and is owned by or
> under the care, custody or control of such
> organization, government or agency.

18 U.S.C. § 666 (a)(1)(A).

*Defendant's Objections/Proposed Language*

REQUEST NO. 15

## Count One – First Object
## Embezzlement, Theft, Misapplication, Fraud And
## Conversion of Funds In The Custody of An
## Organization That Receives Federal Funds:

### The Elements

In order to prove a defendant guilty of violating this statute, the Government must prove beyond a reasonable doubt each of the following five elements of the statute:

First: that at the time alleged in the indictment, the defendant was an agent of an organization;

Second: that the defendant embezzled, stole, obtained by fraud, intentionally misapplied, or knowingly converted property;

Third: that the property was owned by, or was under the care, custody, or control of, the organization;

Fourth: that the property was valued at $5,000 or more;

Fifth:  that the organization, within any one-year period during or surrounding the commission of the offense, received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, or other form of Federal assistance; and

Sixth: that the defendant acted willfully and knowingly.

18 U.S.C. §§ 666(a)(1)(A) and (b); see also
United States v. Zyskind, 118 F.3d 113, 114

33

(2d Cir. 1997); <u>United States</u> v. <u>Delano</u>, 55
F.3d 720, 729 (2d Cir. 1995).

In <u>Sabri</u> v. <u>United States</u>, 541 U.S. 600, 605-06
(2004), the Supreme Court held that § 666 does not
require a nexus between the criminal activity
charged and the expenditure of federal funds.

*<u>Defendant's Objections/Proposed Language</u>*

**REQUEST NO. 16**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:
Defendant Was An Agent Of An Organization**

In order to prove a violation of this statute, the first element that the Government must prove beyond a reasonable doubt is that the defendant was an agent of an organization.

The term "organization" here has its ordinary meaning. The organization at issue here is the Women, Infants, Children or WIC program at New York-Presbyterian Hospital.

An "agent" is a person authorized to act on behalf of another person, organization, or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government agency with which they are associated.

A person may be an agent of more than organization. An employee of one organization within a larger organization or department is an agent of that larger department as well.

> 18 U.S.C. §§ 666(a)(1)(A) and (b); see also United States v. Zyskind, 118 F.3d 113, 114 (2d Cir. 1997); United States v. Delano, 55 F.3d 720, 729 (2d Cir. 1995).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 17**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:**

**Second Element:
"Embezzle," "Steal," "Obtain by Fraud,"
"Misapply" and "Convert"**

The second element that the Government must prove
beyond a reasonable doubt is that the defendant embezzled, stole,
obtained by fraud, intentionally misapplied or knowingly
converted property.  I will now define these terms for you.

The term "property" includes money and property, and in
this case, the Government charges the defendant and her co-
conspirators embezzled, stole, obtained by fraud, intentionally
misapplied and knowingly converted money.

To steal money or property means to take someone else's
money or property without the owner's consent with the intent to
deprive the owner of the value of that money or property.

To embezzle money or property means to voluntarily and
intentionally take or convert for one's own use money or property
of another, after that money or property lawfully came into the
possession of the person taking it by virtue of some office,
employment or position of trust.

To convert money or property means to appropriate or
use such money or property for the benefit of oneself or any

36

other person who was not the rightful owner with the intent to
deprive the rightful owner of the money or property.  No
particular form of moving or carrying away of the money or
property is required.  Any appreciable change of location of
funds or property, including the transferring of funds into an
account one controls, is sufficient.

To intentionally misapply money or property means to
use money or property of the Women, Infants, Children or WIC
program at New York-Presbyterian Hospital, knowing that such use
is unauthorized or unjustifiable or wrongful.  Misapplication
includes the wrongful use of the money or property for an
unauthorized purpose, even if such use benefitted the Women,
Infants, Children or WIC program at New York-Presbyterian
Hospital.

This statute also refers to "obtaining by fraud."
"Fraud" is a general term which embraces all the various means by
which human ingenuity can devise and which are resorted to by an
individual to gain an advantage over another by false
representations, suggestions, or suppression of the truth, or
deliberate disregard for the truth.  A statement, representation,
claim, or document is false if it is untrue when made and was
then known to be untrue by the person making it or causing it to
be made.  A representation or statement is fraudulent if it was
falsely made with the intention to deceive.  To obtain money or

property by fraud means to take possession or control of money or property by means of some form of fraudulent conduct.

    Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instrs. 27A-5.

*Defendant's Objections/Proposed Language*

   *With regard to Request No. 17, the defendant objects to the second sentence of the first full paragraph on page 39.*

**REQUEST NO. 18**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And**
**Conversion of Funds In The Custody of An**
**Organization That Receives Federal Funds:**
**Third Element:**
**Property "Owned By or Under The**
**Care, Custody or Control of" An Organization**

The third element that the Government must establish beyond a reasonable doubt is that the money or property embezzled, stolen, obtained by fraud, intentionally misapplied, and knowingly converted, belonged to or was in the care, custody, or control of an organization.  In this case the organization is the WIC program of New York-Presbyterian Hospital.  These terms have their usual meanings.  Although the words "care," "custody," and "control" have slightly different meanings, for the purpose of this element they express a similar idea.  That is that the government agency had control over and responsibility for the money or property even though it was not the actual owner of the money or property at the time of the defendant's actions.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 27A-6.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 19**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:**

**Fourth Element:
Property Valued at $5,000 or More**

The fourth element the Government must prove beyond a reasonable doubt is that the property embezzled, stolen, obtained by fraud, intentionally misapplied, and knowingly converted was valued at $5,000 or more.

You may aggregate or add up the value of money or property obtained from a series of acts to meet this $5,000 requirement, so long as you find that each act of stealing was part of a single scheme by the defendant to obtain money or property belonging to the WIC program.

The Indictment alleges that the defendant and one or more co-conspirators embezzled, stole, obtained by fraud, intentionally misapplied, and knowingly converted hundreds of thousands of dollars of the WIC program.  However, the Government is only required to prove that the amount was $5,000 or more. The Government does not have to prove that the money or property taken by the defendant and her alleged co-conspirators was received by the organization as federal benefits.

Adapted from Sand, et al., <u>Modern Federal
Jury    Instructions</u>, Instr. 27A-7. 18 U.S.C.

40

§§ 666(a)(1)(A) and (b); see also United States v. Zyskind, 118 F.3d 113, 114 (2d Cir. 1997); United States v. Delano, 55 F.3d 720, 729 (2d Cir. 1995).

In Salinas v. United States, 522 U.S. 52, 56-57 (1997), the Supreme Court held that there is no requirement in § 666 that the defendant steal or misapply funds received by the government agency as federal benefits.  Therefore, a jury is not required to trace the funds stolen to a federal source in the case.  In other words, the stolen funds in a case need not be funds received from the federal government.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 20**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:**

**Fifth Element:
Receipt of More Than $10,000
In Federal Benefits Within a One-Year Period**

The fifth element that the Government must establish beyond a reasonable doubt is that the organization in question received more than $10,000 in federal benefits within a one-year period during or surrounding the commission of the offense.  The term "benefits," as used here, is intended to be interpreted broadly.  It includes the receipt of federal funds or any other form of assistance that affords the recipient – in this case the WIC program – an advantage.  This is because the law was designed to enhance the ability of the United States to vindicate significant acts of theft, fraud and bribery involving federal monies that are disbursed to private organizations or state and local governments by a federal program.

Although the general purpose of the statute is to protect federal funds, it is not necessary for the prosecution to show that the property embezzled, stolen, obtained by fraud, intentionally misapplied, and knowingly converted be traceable to the actual federal benefits received by the organization.  Thus, if the prosecution establishes that the WIC program received more

42

than $10,000 in federal aid during a one-year period, and that the defendants participated in the theft, embezzlement, conversion, defrauding, and misapplication of property valued at more than $5,000 under the care, custody or control of the WIC program, the Government will have satisfied its burden with respect to this element.  The Government need not trace the $5,000 that was embezzled or stolen back to the federal benefits provided by the government.

The Government is not required to prove that the benefits were paid directly to the WIC program by the federal government, but it must prove that the funds paid to the WIC program through an intermediary did in fact originate as federal benefits under a federal program.  If some of the funds paid to the WIC program originated with the federal government and some from the state government, it is for you to determine which were federal benefits and that those federal benefits were in excess of $10,000.

The one-year period for receipt of benefits in excess of $10,000 can be any continuous twelve-month period that includes the date of the commission of the offense, including a one-year period that either starts with or ends with the date of the commission of the offense.

The Government does not have to prove that the defendant had the authority to administer these federal benefits.

43

Adapted from Sand, et al., <u>Modern Federal
Jury Instructions</u>, Instr. 27A-4. <u>United
States</u> v. <u>Rooney</u>, 37 F.3d 847, 851 (2d Cir.
1994) (quoting S. Rep. No. 225, 98th Cong.,
2d Sess. 369 (1984), reprinted in
U.S.C.C.A.N.  3182, 3510) (legislative
purpose of 18 U.S.C. § 666); <u>United States</u> v.
<u>Zyskind</u>, 118 F.3d, 116 (2d Cir. 1997).

*Defendant's Objections/Proposed Language*

44

**REQUEST NO. 21**

**Count One – First Object**

**Embezzlement, Theft, Misapplication, Fraud And
Conversion of Funds In The Custody of An
Organization That Receives Federal Funds:**

**Sixth Element:
Defendant Acted "Willfully and Knowingly"**

The sixth and final element that the Government must prove beyond a reasonable doubt to establish a violation of this statute is that a defendant acted willfully and knowingly.  In essence, an act is done "knowingly" and "willfully" if it is done deliberately and purposefully, and not by mistake or accident.  I defined these terms above, and will not repeat that definition here.


*Defendant's Objections/Proposed Language*

45

**REQUEST NO. 22**

**Count One – Second Object**

**Mail Fraud: The Indictment And The Statute (18 U.S.C. § 1341)**

The second object of the conspiracy charged in Count One is mail fraud.  The mail fraud statute is Section 1341 of Title 18 of the United States Code.  It provides in pertinent part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, . . . knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall [be guilty of a crime].

> Adapted from the charge of Judge Lewis A. Kaplan in United States v. Ida, 96 Cr. 430 (S.D.N.Y. 1997), aff'd in relevant part, 176 F.3d 580 (2d Cir. 1999); the charge of Judge Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-1.

*Defendant's Objections/Proposed Language*

46

**REQUEST NO. 23**

**Count One – Second Element**

**Mail Fraud: Elements of the Offense**

In order to prove a defendant guilty of the mail fraud count, the Government must establish beyond a reasonable doubt the following four essential elements:

First, that at or about the time alleged in the Indictment there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises;

Second, that the scheme or artifice to defraud or the false statements and representations concerned material facts;

Third, that the defendant knowingly and wilfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that she knowingly and intentionally aided and abetted others in the scheme; and

Fourth, that the United States mails or a commercial carrier were used in furtherance of the scheme as specified in the Indictment.

> Adapted from the charge of Judge Lewis A. Kaplan in United States v. Ida, 96 Cr. 430 (S.D.N.Y. 1997), aff'd in relevant part, 176 F.3d 580 (2d Cir. 1999); the charge of Judge Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions,

47

Instr. 44-3.

See also United States v. Rodolitz, 786 F.2d
77, 80 (2d Cir. 1986) (discussing elements of
mail fraud violation); Neder v. United
States, 119 S. Ct. (1999) (materiality
element of bank, mail and wire fraud
statutes).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 24**

**Count One – Second Object**

**Mail Fraud: First Element – Existence Of Scheme Or Artifice**

The first element the Government must prove beyond a reasonable doubt as to a mail fraud is that there was either a scheme or artifice to defraud <u>or</u> to obtain money or property by means of false or fraudulent pretenses, representations or promises.  The Government must prove the existence of either type of scheme; it need not prove both to satisfy the first element of the mail fraud statute.  One is sufficient.

Now let me first address the Government's burden in establishing the existence of a scheme or artifice to defraud.  A "scheme or artifice" is simply a plan for the accomplishment of an object.  "Fraud" is a general term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by intentional misrepresentation, false suggestion or deliberate disregard or concealment of the truth.  That unfair advantage can involve money, property or any other thing of value.  You may find the existence of such a scheme if you find that the defendant conducted herself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

Thus, a "scheme to defraud" here is simply a plan to obtain something of value by trick, deceit, deception, or

49

swindle.  In order to establish a scheme to defraud, the
Government is not required to establish that the defendant
herself originated the scheme to defraud.  It is sufficient if
you find that a scheme to defraud existed, even if originated by
another, and that the defendant knowingly participated in it.
Nor is it necessary for the Government to establish that the
scheme actually succeeded, that is, that the defendant realized
any gain from the scheme or that the intended victim suffered any
loss.

          In order to establish a scheme to defraud, the
Government need not show that a defendant made a
misrepresentation.  Such a scheme can exist even if no
misrepresentation is made.  In addition, even if you find that
the statements the Government contends were made by the
defendants in furtherance of the scheme were literally true, you
can still find that the first element of the mail fraud statute
has been satisfied if the statements and/or conduct of the
defendant were deceptive.

          Now let me address the Government's burden in
establishing the existence of a scheme or artifice to obtain
money or property by means of false or fraudulent pretenses,
representations or promises.  A "pretense, representation or
statement" is fraudulent if it was made falsely and with intent
to deceive.  A statement may also be fraudulent if it contains

half-truths or if it conceals material facts in a manner which makes what is said or represented deliberately misleading.

Now, the mail fraud statute also requires that the Government must prove that the false or fraudulent pretense, representation, or promise relates to a material fact or matter. As I noted, a material fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been false, before you can find that statement or omission to be material, you must also determine whether that statement or omission was one that a reasonable person would have considered important in making his or her decision.

The Government is not required to establish with respect to mail fraud that anyone relied on, or actually suffered damages, as a consequence of any false statement or omission of any material fact.  Nor is it necessary for the Government to establish that the scheme actually succeeded, that is, that the defendant realized any gain from the scheme or that the intended victim suffered any loss.  Similarly, it does not matter whether an intended victim is gullible or negligent.  The gullibility of or negligence by victims is not a defense.  It is enough if you find that a false statement or a statement omitting material facts was made as part of a fraudulent scheme in the expectation

51

that it would be relied on.  You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

A scheme under the mail fraud statute need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.  If you find that the Government has sustained its burden of proof that a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises did exist, as charged, you next should consider the second element.

> Adapted from the charge of Judge Lewis A. Kaplan in United States v. Ida, 96 Cr. 430 (S.D.N.Y. 1997), aff'd in relevant part, 176 F.3d 580 (2d Cir. 1999); the charge of Judge Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-4.

> See also United States v. Bronston, 658 F.2d 920, 927 (2d Cir. 1981) (to establish mail fraud, Government must show that "any nondisclosures or affirmative misrepresentations must have been material"); United States v. Weiss, 752 F.2d 777, 784 (2d Cir.) (Government must show that "some harm or injury was contemplated," but need not show actual harm to victim or profit to malefactors); United States v. Trapilo, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard.  It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society.... The scheme exists although no misrepresentation of fact is made'") (citations omitted).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 25**

**Count One – Second Object**

**Mail Fraud: Second Element – Materiality**

The second element of mail fraud is materiality.  The scheme or artifice to defraud <u>or</u> to obtain money or property by means of false or fraudulent pretenses, representations or promises must relate to a material fact or matter.  As I have just stated, a material fact or material matter is one which reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement (or failure to disclose) in making a decision.  That means if you find a particular statement or matter was false or that it concealed facts that made what was said deliberately misleading, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.

> See <u>Neder</u> v. <u>United States</u>, 119 S. Ct. 1827
> (1999) (materiality is element of bank, mail
> and wire fraud statutes).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 26**

**Count One – Second Object**

**Mail Fraud: Third Element – Participation In Scheme
With Intent To Defraud**

The third element that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, wilfully and with intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.  Nor is it necessary for the Government to establish that the defendant herself originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme.  The guilt of a defendant is not governed by the extent of a

55

defendant's participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning.  Moreover, even if the defendant participated in the scheme to a lesser degree than others, she is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

Before a defendant may be convicted of the fraud charged here, she must also be shown to have acted knowingly and willfully and also with a specific intent to defraud.

The terms "knowingly" and "willfully" have already been defined for you.  I will not repeat those instructions here.

To act with "intent to defraud" means to act willfully and with intent to deceive for purpose of causing some financial loss to another – here, to deprive the WIC program of money or property.  However, the Government need not prove that the intended victims were actually harmed; only that such harm was contemplated.  However, while the success of the scheme is not an element of the crime, proof that people or entities were actually victimized by a fraud may be good evidence of the schemer's intent to defraud.

> Adapted from the charge of Judge Lewis A.
> Kaplan in United States v. Ida, 96 Cr. 430
> (S.D.N.Y. 1997), aff'd in relevant part, 176
> F.3d 580 (2d Cir. 1999); the charge of Judge
> Michael B. Mukasey in United States v.

<u>Harding</u>, 91 Cr. 43 (S.D.N.Y. 1991); and Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 44-5.

<u>See also</u> <u>United States</u> v. <u>Schwartz</u>, 924 F.2d 410, 420 (2d Cir. 1991) (interpreting wire fraud statute: "It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); <u>United States</u> v. <u>King</u>, 860 F.2d 54, 55 (2d Cir. 1988) (same; mail fraud); <u>United States</u> v. <u>Bryser</u>, 954 F.2d 79, 88-89 (2d Cir. 1992) (Government need not establish that defendant participated in all aspects of scheme).

*<u>Defendant's Objections/Proposed Language</u>*

### REQUEST NO. 27

### Count One – Second Object

### Mail Fraud: Fourth Element – Use Of The Mails

Now, the fourth and final element of the mail fraud offense is the use of the mails in furtherance of the fraudulent scheme.  The use of the mails can be from one state to another, or just within a state or even a single city; it doesn't matter, as long as the United States mails were used.

It is not necessary for the defendant to have been directly or personally involved in the use of the mails, or to have had anything whatsoever to do with the mails, so long as the mailing is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this connection, it would be enough to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others; and this does not mean that the defendant herself must specifically have authorized others to do the mailing.  This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though she does not actually intend such use of the mails, then she nonetheless

58

causes the mails to be used.  Incidentally, the mailed matter
need not itself be fraudulent.  For example, the mailed matter
need not contain any fraudulent representations and indeed may be
completely innocent.

With respect to the use of the mails, the Government
must prove beyond a reasonable doubt that a particular mailing
occurred.  However, the Government does not have to prove that
any particular use of the mails was made on the exact date
charged in the Indictment.  As I mentioned before, it is
sufficient if the evidence establishes beyond a reasonable doubt
that a particular use of the mails occurred on a date that was
substantially similar to that date.

> Adapted from the charges of Judge Michael B.
> Mukasey in United States v. Harding, 91 Cr.
> 43 (S.D.N.Y. 1991) (mail fraud) and United
> States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989),
> aff'd, 917 F.2d 80 (1990) (wire fraud); the
> charge of Judge Charles S. Haight, Jr. in
> United States v. Rogers, 90 Cr. 377 (S.D.N.Y.
> 1991) (wire fraud); and Sand et al., Modern
> Federal Jury Instructions, Instr. 44-7.
>
> See also United States v. Bortnovsky, 879
> F.2d 30, 36-41 (2d Cir. 1989) (extended
> discussion of "in furtherance" requirement;
> holding that letter mailed two years after
> fraud by innocent third party was reasonably
> foreseeable and in furtherance of fraud);
> Pereira v. United States, 347 U.S. 1, 8-9
> (1954) (defendant causes mailing so long as
> he "does an act with knowledge that the use
> of the mails will follow in the ordinary
> course of business, or where such can
> reasonably be foreseen"); United States v.
> Lane, 474 U.S. 438, 451-52 (1986)

(communications "occurring after receipt of the goods obtained by fraud are within the [mail fraud] statute if they 'were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place.'") (quoting <u>United States</u> v. <u>Maze</u>, 414 U.S. 395, 403 (1974)).

<u>*Defendant's Objections/Proposed Language*</u>

**REQUEST NO. 28**

**Count One – Third Object**

**Wire Fraud: The Indictment And The Statute (18 U.S.C. § 1343)**

        The third object of the conspiracy charged in Count One is wire fraud.  The wire fraud statute is Section 1343 of Title 18 of the United States Code.  It provides in pertinent part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

> Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-1.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 29**

**Count One – Third Object**

**Wire Fraud: Elements of the Offense**

In order to prove the defendant guilty of wire fraud, the Government must establish beyond a reasonable doubt the following four essential elements:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises;

Second, that the scheme or artifice, or the false statements and representations concerned material facts;

Third, that the defendant knowingly and wilfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that she knowingly and intentionally aided and abetted others in the scheme; and

Fourth, that interstate or foreign wire facilities were used in furtherance of the scheme as specified in the Indictment.

> Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-3.
>
> See also United States v. Rodolitz, 786 F.2d 77, 80 (2d Cir. 1986) (discussing elements of

analogous mail fraud violation).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 30

## Count One – Third Object

## Wire Fraud: First, Second, and Third Elements

As you can see, the first, second and third elements of wire fraud are identical to the first, second, and third elements of mail fraud.  Thus, in order to convict you must find beyond a reasonable doubt the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises.  You must find that the scheme or artifice or the false statements and representations concerned material facts.  You must also find that the defendant devised or participated in the fraudulent scheme knowingly, wilfully and with intent to defraud.  In making these determinations, you should rely on the instructions I gave you with respect to these same elements under mail fraud.

> Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-4 and 44-5.

_Defendant's Objections/Proposed Language_

64

## REQUEST NO. 31

### Count One – Third Object

### Wire Fraud: Fourth Element – Use Of Interstate Or Foreign Wires

Now, the fourth and final element that the Government must establish is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.  The term "wire facilities" includes telephones, telegraphs, telexes, radios, and television.  The use of the wire facilities must be between states or between this country and a foreign country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant herself must have specifically authorized others to send a communication over the wires.  When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then she causes the wires to be used. Incidentally, this wire communication requirement is satisfied

65

even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the material wired need not contain any fraudulent representation, or even any request for money.  It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

The Government must establish beyond reasonable doubt the particular use charged in the Indictment.  However, the Government does not have to prove that the wire was used on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wire was used on a date reasonably near the date alleged in the Indictment.

Finally, if you find that the wire communication was reasonably foreseeable and that the interstate wire communication charged in the Indictment took place, then this element is satisfied even it if was not foreseeable that the wire communication would cross state lines.

> Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 44-7.

> See also United States v. Blackmon, 839 F.2d

900, 907-08 (2d Cir. 1988) (specifically
approving language in last paragraph
regarding foreseeability of interstate nature
of communication); United States v. Keats,
937 F.2d 58 (2d Cir. 1991) (defendant need
not have personally sent charged wire
communication; affirming conviction where
Government agent and informant initiated
charged telephone calls); United States v.
Muni, 668 F.2d 87, 89-91 (2d Cir. 1981)
(extended discussion of "foreseeability" of
wire communication).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 32

### Count One

### Venue

In addition to all of the elements I have described for you in Count One of the Indictment, you must also decide whether any act in furtherance of each of the crimes charged occurred within the Southern District of New York.  This means that you must decide whether the crime charged or any act committed to further or promote the crime, occurred within the Southern District of New York.

The Government need not prove that the crime was itself committed in the Southern District of New York or that the defendant was herself present here.  It is sufficient if any act in furtherance of the crime occurred within this District.

In this regard, I instruct you that the Southern District of New York includes all of Manhattan, the Bronx, and Westchester.  It also includes all of the waters surrounding Manhattan, Brooklyn, Staten Island, and Long Island, and the air and bridges over those waters.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  That means that the evidence shows it is more likely than not that something occurred.  Thus, the Government has satisfied its venue

obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York.

If, on the other hand, you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of that charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district).  See also United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

_Defendant's Objections/Proposed Language_

## REQUEST NO. 33

## Counts Two and Three

## Mail Fraud – The Indictment

I now will leave my instructions regarding conspiracy to give you instructions regarding Counts Two and Three, which are substantive mail fraud counts.

As I said, Counts Two and Three are separate substantive counts that, like one of the objects of the conspiracy I have just described in connection with Count One, also charge mail fraud.  You should apply the same instructions to the substantive mail fraud charges in Counts Two and Three as you did with respect to the corresponding conspiracy to commit mail fraud instructions.

Specifically, Counts Two and Three of the Indictment charge defendant CAROL PEIRCE with committing mail fraud and with aiding and abetting the commission of that crime.

These Counts read as follows:

[*The Court is respectfully requested to read*

*Counts Two and Three of the Indictment.*]

*Defendant's Objections/Proposed Language*

**REQUEST NO. 34**

**Counts Four and Five**

**Theft From A Program Receiving Federal Funds – The Indictment**

I now will give you instructions regarding Counts Four and Five, which charge the defendant with violating the federal criminal laws prohibiting the embezzlement, theft, obtaining by fraud or conversion of money from an organization that received Federal money (in this case, the Women, Infants, Children or WIC program at New York-Presbyterian Hospital).

As I said, Counts Four and Five are separate substantive counts that, like one of the objects of the conspiracy I have just described in connection with Count One, also charge theft from a program receiving federal funds.  You should apply the same instructions to the substantive theft charges in Counts Four and Five as you did with respect to the corresponding conspiracy to commit theft from a program receiving federal funds instructions.

Specifically, Counts Four and Five of the Indictment charge defendant CAROL PEIRCE with committing theft from a program receiving federal funds and with aiding and abetting the commission of that crime.

These Counts read as follows:

[*The Court is respectfully requested to read Counts Four and Five of the Indictment.*]

71

Now, ladies and gentlemen, I would like to say something to you in further clarification of the difference between the conspiracy count and the substantive counts.

Conspiracy, as you will recall, is a crime separate from the violations that form its objectives.  Because the Government contends that the substantive violations which the defendant conspired to commit actually occurred, the defendant also is charged in Counts Two, Three, Four and Five with substantive offenses as well as with the conspiracy charged in Count One.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y. 1992), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from the charge of the Honorable Robert W. Sweet in United States v. Morgenstern, 89 Cr. 693 (RWS) (S.D.N.Y. 1990), aff'd, 933 F.2d 1108 (2d Cir. 1991), and from the charge of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr. 669 (PNL) (S.D.N.Y. 1992), and from Sand et al., Modern Federal Jury Instructions, Instr. 44-1 (mail and wire fraud) (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).

_Defendant's Objections/Proposed Language_

## REQUEST NO. 35

## Counts Two Through Five

## Aiding and Abetting

Now, with respect to Counts Two through Five, the substantive counts, I also want to instruct you on what is called "aiding and abetting."  The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant physically committed the crime with which she is charged in order for you to find her guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant herself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if she committed it herself.  Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another

73

person must have committed the crime charged.  Obviously, no one
can be convicted of aiding and abetting the criminal acts of
another if no crime was committed by the other person in the
first place.  But if you do find that a crime was committed, then
you must consider whether the defendant aided or abetted the
commission of the crime.

In order to aid or abet another to commit a crime, it
is necessary that the defendant willfully and knowingly
associated herself in some way with the crime, and that she
willfully and knowingly sought by some act to help make the crime
succeed.

Participation in a crime is willful if action is taken
voluntarily and intentionally, or, in the case of a failure to
act, with the specific intent to fail to do something the law
requires to be done; that is to say, with a bad purpose either to
disobey or to disregard the law.

The mere presence of a defendant where a crime is being
committed, even coupled with knowledge by the defendant that a
crime is being committed, or the mere acquiescence by a defendant
in the criminal conduct of others, even with guilty knowledge, is
not sufficient to establish aiding and abetting.  An aider and
abettor must have some interest in the criminal venture.

To determine whether the defendant
aided or abetted the commission of the crime with which she is
charged, ask yourself these questions:

74

    --    Did she participate in the crime charged as
something she wished to bring about?

    --    Did she associate herself with the criminal
venture knowingly and willfully?

    --    Did she seek by her actions to make the
criminal venture succeed?

If she did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If she did not, then the defendant is not an aider and abettor, and is not guilty of that offense.

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1 and 11-2; and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See also United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir. 1981).

*Defendant's Objections/Proposed Language*

75

## REQUEST NO. 36

### Counts Two Through Five
### Guilt of Substantive Offense – Pinkerton Charge

With respect to the substantive counts in Counts Two through Five of the Indictment, there is another method by which you may evaluate the possible guilt of the defendant on the substantive counts with which she is charged, even if you do not find that the Government has otherwise satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One and thus, guilty on that conspiracy count, then you may also, but you are not required to, find the defendant guilty of the substantive crimes with which she is charged relating to that conspiracy, provided you find each of the following elements beyond a reasonable doubt:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy charged in Count One that you found existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that

conspiracy charged in Count One at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by her co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against her, even though she did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-13.

[A Pinkerton charge (Pinkerton v. United States, 328 U.S. 640, 645 (1946)) "permits a jury to find a defendant guilty on a substantive count without specific evidence

that he committed the act charged if it is
clear that the offense had been committed,
that it had been committed in the furtherance
of an unlawful conspiracy, and that the
defendant was a member of that conspiracy."
United States v. Miley, 513 F.2d 1191, 1208
(2d Cir. 1975), quoted in United States v.
Harwood, Dkt. No. 92-1471, slip op. 4451,
4468-69 (2d Cir. July 1, 1993).]

[Whether to give Pinkerton charge is in the
discretion of the district court.  Although
this charge "should not be given as a matter
of course," United States v. Sperling, 506
F.2d 1323, 1341 (2d Cir. 1974) (holding that
it was error to give charge where evidence of
conspiracy was weak, because of danger that
jury would infer conspiracy from the
existence of many substantive crimes), cert.
denied, 420 U.S. 962 (1975), it is entirely
proper where evidence of conspiracy is
otherwise sufficient.  See United States v.
Harwood, supra, slip op. at 4469-70
(Pinkerton charge proper where evidence of
conspiracy was sufficient, and where judge
"properly instructed jury to consider the
substantive count only after it first found
that a conspiracy existed between the
defendants.")].


*Defendant's Objections/Proposed Language*

**REQUEST NO. 37**

**Counts Two Through Five**

**No Ultimate Harm**

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another.  Actual financial harm includes denying a person or entity access to money.  If a defendant deliberately supplies material false information in order to obtain money, but anticipates that payment will be made and therefore believes that no harm will ultimately accrue to the entity, that anticipation that payment will be made, or even the actual payment of the money, is no defense.  Thus, if you find that the defendant intended to inflict harm to the WIC program by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.

> Adapted from the charge of the Honorable
> Denise L. Cote in United States v. Robinson,
> 98 Cr. 167 (DLC); see also United States v.
> DiNome, 86 F.3d 277, 284 (2d Cir. 1996)
> (definition of  property includes the right
> to control the use of one's assets; where
> defendant intends to deprive victim of
> information material to victim's decision on
> how to deal with his assets, required intent
> to defraud is present); United States v.
> Rossomando,  144 F.3d 197 (2d Cir. 1998)
> (required intent to cause harm to victim
> present where defendant obtains loan by means
> of false information, notwithstanding intent
> to repay loan, because defendant intended to
> deprive lender of ability to accurately
> determine level of risk); United States v.
> Berkovich, 168 F.3d 64, 66 (2d Cir. 1999)
> (same); United States v. Reinhold, 20 F.
> Supp. 2d 541 (S.D.N.Y. 1998) (same).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 38**

**Counts Two Through Five**

**Venue**

In addition to the elements I have already described, you must also decide with respect to each substantive count of the Indictment whether any act in furtherance of the crime occurred within the Southern District of New York.  As I instructed you earlier, the Southern District of New York includes Manhattan, the Bronx and Westchester.

In this regard, the Government need not prove that the defendant took any action in this district or that the defendant herself was present here.  Rather, venue is appropriate in this district if any part of the crime took place here.  Venue is proper in any district where the crime is begun, continued or completed.  Thus, if the Government proves, for example, that the defendant wired funds from, through, or into the Southern District of New York, or caused others to wire funds from, through, or into the Southern District of New York, in furtherance of the crimes charged, then this element of the charges will have been satisfied.

I should note that on this issue – and this issue alone – the Government, as with Count One, need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue

obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in this District, such as if a charged mailing or wire communication began in, moved through, or ended up in this district.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of this charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another), and United States v. Goldberg, 830 F.2d 459, 465 (3d Cir. 1987) (venue in wire fraud cases "is proper in any district in which the offenses were begun, continued or completed"; accordingly, venue existed in district where wire transmission merely passed through).  See also United States v. Kim, 246 F.3d 186, 191-93 (2d Cir. 2001).

> See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 39

### Variance in Dates and Amounts

As we have proceeded through the Indictment, you have noticed that it refers to various dates and amounts.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence. Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

> Sand, Modern Federal Jury Instructions,
> Instr. 3-12, 3-13.

*Defendant's Objections/Proposed Language*

## REQUEST NO. 40

## Limiting Instruction – Similar Act Evidence

## [If Applicable]

The Government has offered evidence to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.  In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Moreover, if you determine that the defendant did engage in the other conduct, and you find that the conduct had sufficiently similar characteristics to the acts charged in the Indictment, then you may, but you need not, infer that the acts

charged in the Indictment were part of a common plan or scheme employed by the defendant.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other act, she must also have committed the acts charged in the Indictment.  You may only consider this evidence on the issue of common plan or preparation, or on the issue of whether the defendant acted knowingly and intentionally.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand et al., Modern Federal Jury Instructions, Instr. 5-25.  See United States v. Brauning, 553 F.2d 777, 781 (2d Cir. 1977) (intent and knowledge); United States v. Arroyo-Angulo, 580 F.2d 1137 (2d Cir. 1978) (plan or preparation); United States v. Campanile, 516 F.2d 288 (2d Cir. 1975) (plan or preparation).  See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 41

### Persons Not on Trial/Failure to Name a Defendant

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any persons in addition to this defendant not on trial here. You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant on trial from the fact that other persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-4. Also adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979).

*Defendant's Objections/Proposed Language*

86

**REQUEST NO. 42**

**Defendant's Testimony**

**[Requested only if a defendant testifies.]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and she was subject to cross-examination like any other witness.  You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Prince Gaines, 457 F.3d 238, 249 n. 9 (2d Cir. 2006).

*Defendant's Objections/Proposed Language*

## REQUEST NO. 43

## Defendant's Right Not to Testify

## [If requested by defense.]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Sand et al., Modern Federal Jury
> Instructions, Instr. 5-21.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 44**

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 45**

**Cooperating Witnesses**

**[If Applicable]**

You have heard witnesses who testified that they committed crimes and, in some cases, that they were actually involved in the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice (or "cooperating") witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices and cooperating witnesses is properly considered by the jury.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes

90

guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice
may have in testifying, the accomplice's testimony should be
scrutinized with special care and caution.  The fact that a
witness is an accomplice can be considered by you as bearing upon
her credibility.  However, it does not follow that simply because
a person has admitted to participating in one or more crimes,
that she is incapable of giving a truthful version of what
happened.

Like the testimony of any other witness, accomplice
witness testimony should be given such weight as it deserves in
light of the facts and circumstances before you, taking into
account the witness's demeanor, candor, the strength and accuracy
of a witness's recollection, her background and the extent to
which her testimony is or is not corroborated by other evidence.
You may consider whether accomplice witnesses – like any other
witnesses called in this case – have an interest in the outcome
of the case, and if so, whether it has affected their testimony.

You heard testimony about an agreement between the
Government and one or more witnesses.  I must caution you that it
is no concern of yours why the Government made an agreement with
a witness.  Your sole concern is whether a witness has given
truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses,
you should ask yourselves whether the accomplices would benefit

more by lying, or by telling the truth.  Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept her or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 fn. 25 (2d Cir. 1972) (specifically approving charge set forth in footnote).  See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979)

("Where the court points out that testimony
of certain types of witnesses may be suspect
and should therefore be scrutinized and
weighed with care, such as that of
accomplices or coconspirators . . . it must
also direct the jury's attention to the fact
that it may well find these witnesses to be
truthful, in whole or in part.") (citations
omitted), and <u>United States</u> v. <u>Cheung Kin
Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977)
(same).  <u>See also</u> <u>United States</u> v. <u>Swiderski</u>
, 539 F.2d 854, 860 (2d Cir. 1976) (can be
reversible error not to give accomplice
witness charge if requested by defense).


<u>*Defendant's Objections/Proposed Language*</u>

*With regard to Request No. 45, the defendant objects to
the second paragraph on page 92 and the fourth paragraph on pages
93 and 94.*

REQUEST NO. 46

**Character Witnesses**

**[If Applicable]**

During the course of this trial, there has been testimony that the defendant has a reputation for **[insert character trait testified to].  [There has also been testimony to the contrary.]**  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if, based on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  **[Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]**  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the

94

evidence you have heard in the case.

> Adapted from the charge of Judge Robert J.
> Ward in <u>United</u> <u>States</u> v. <u>Thweatt</u>, 77 Cr. 553
> (S.D.N.Y. Oct. 17, 1977). <u>See</u> <u>United</u> <u>States</u>
> v. <u>Fayette</u>, 388 F.2d 728, 737 (2d Cir. 1968).
> <u>See</u> <u>United</u> <u>States</u> v. <u>Kelly</u>, 349 F.2d 720, 765
> (2d Cir.) <u>cert</u>. <u>denied</u>, 384 U.S. 947 (1966);
> <u>United</u> <u>States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 n.1
> (2d Cir. 1961), <u>cert</u>. <u>denied</u>, 369 U.S. 803
> (1962).  <u>See</u> <u>also</u> <u>Michelson</u> v. <u>United</u> <u>States</u>,
> 335 U.S. 469 (1948).

*<u>Defendant's Objections/Proposed Language</u>*

## REQUEST No. 47

## Preparation of Witnesses

## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

*Defendant's Objections/Proposed Language*

96

## REQUEST NO. 48

### Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.  See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

_Defendant's Objections/Proposed Language_

## **REQUEST NO. 49**

## **Charts and Summaries – Admitted As Evidence**

## **[If applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

> Adapted from the charge of the Hon. Kimba M.
> Wood in <u>United States v. Bell</u>, et al., 00 Cr.
> 92 (KMW), tr. 4038-39.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 50**

**Summary Charts-not admitted as evidence**

**[If applicable]**

There have also been a number of summary charts and exhibits introduced merely as a summary and analysis of testimony and documents in the case.  The charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of Judge Lloyd MacMahon in <u>United States</u> v. <u>Bernstein</u>, 68 Cr. 33, Tr. 791, <u>aff'd</u>,317 F.2d 641 (2d Cir. 1969).

*Defendant's Objections/Proposed Language*

**REQUEST NO. 51**

**Stipulations**

**[If Applicable]**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-6, 5-7.

*Defendant's Objections/Proposed Language*

**REQUEST NO. 52**

**Use of Evidence Obtained Pursuant to Search**

You have heard testimony about evidence seized in a search. Evidence obtained from the search was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Honorable
> Pierre N. Leval in United States v.
> Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992),
> and from the charge of the Honorable John F.
> Keenan in United States v. Medina, 91 Cr. 894
> (JFK) (S.D.N.Y. 1992).

*Defendant's Objections/Proposed Language*

101

## REQUEST NO. 53

## Particular Investigative Techniques Not Required

## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

*Defendant's Objections/Proposed Language*

*With regard to Request No. 53, the defendant objects to the last sentence of the first paragraph on page 103.  The defendant proposes the following sentence:*

*To the extent the government failed to use any specific*

102

*investigative technique, may be used by you to determine if the government has met its burden to prove the defendant's guilt beyond a reasonable doubt.*

**REQUEST NO. 54**

**Sympathy: Oath as Juror**

_____Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proved the guilt of the defendant beyond a reasonable doubt.

It is for you and you alone to decide whether the Government has proved that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate to render a verdict of acquittal on that charge for the defendant.  But, on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

*Defendant's Objections/Proposed Language*

## REQUEST NO. 55

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

*Defendant's Objections/Proposed Language*

Dated:     New York, New York
           January 31, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

By: /s/ Marcus A. Asner
MARCUS A. ASNER
MARIA E. DOUVAS
Assistant United States Attorneys
(212) 637-2483/2327

DEFENDANT CAROL PEIRCE

By: _____
JOHN JACOB RIECK, Jr.
Counsel for Carol Peirce

**CERTIFICATE OF SERVICE**

MARIA E. DOUVAS declares as follows:

I am an Assistant United States Attorney in the United States Attorney's Office, Southern District of New York.

On in or about January 31, 2008, I caused a copy of the Parties' Joint Requests to Charge to be served by Federal Express and e-mail on the individual listed below:

    John Jacob Rieck, Jr., Esq.
    Doar Rieck Kaley & Mack
    Astor Building
    217 Broadway
    New York, NY 10007-2911
    212-619-3730

I declare under penalty of perjury that the foregoing is true and correct.

 Dated:    New York, New York
           January 31, 2008

                                /s/ Maria E. Douvas
                                MARIA E. DOUVAS