UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CAROL PEIRCE,<br><br>                    Defendant. | No. 06-cr-1032 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court is Ms. Peirce's request to modify her monthly restitution payments (Doc. No. 83 ("Request")), as well as the government's opposition (Doc. No. 85 ("Opposition")) and Ms. Peirce's reply (Doc. No. 88 (Reply")).  For the reasons set forth below, the request is DENIED without prejudice to renewal once Mr. Peirce has conferred with the government's Financial Litigation Program ("FLP") and exhausted all administrative remedies available to her.

    The Court sentenced Ms. Peirce in 2009 to 87 months' imprisonment after a jury found her guilty of numerous counts involving fraud and theft of government funds earmarked for the Women Infants and Children ("WIC") program. (Doc. No. 65.)  The Court also ordered her to pay restitution in the amount of $155,396.91.  (*Id.*)  According to the government, once she was released from prison in 2015, Ms. Peirce was notified that her restitution debt was subject to collection by the Treasury Offset Program ("TOP"), which is tasked with collecting certain delinquent debts through garnishment.  *See Ojo v. United States*, No. 20-cv-4882 (MKB), 2020 WL 7262853, at *2 n.2 (E.D.N.Y. Dec. 9, 2020).  Because Ms. Peirce initially made her restitution payments and completed the FLP's paperwork, her debt was not immediately placed in TOP.

The government now asserts that Ms. Peirce failed to complete a Financial Statement of Debtor form after it was emailed to her in August 2023.  (Opposition at 2.)  Because Ms. Peirce never responded, her debt was placed in TOP, prompting the garnishment of her Social Security checks.  Ms. Peirce does not dispute that she has not yet completed the Financial Statement of Debtor form.

"In general, a party is required to exhaust its administrative remedies before seeking judicial review of an agency decision."  *City of New York v. Slater*, 145 F.3d 570, 571 (2d Cir. 1998).  "TOP offsets are subject to th[is] general requirement of exhaustion."  *Shlikas v. U.S. Dep't of Educ.*, No. 09-cv-2806 (WDQ), 2013 WL 2149752, at *6 (D. Md. May 15, 2013).  This means that "[r]estitution debtors challenging their referral to the TOP are expected to address their concerns to the referring agency" – the FLP – "before coming to court."  *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012); *see also United States v. Mayer*, No. 04-cr-100 (SM), 2010 WL 4916561, at *1–2 (D.N.H. Dec. 3, 2010).  "[I]f a person is dissatisfied with a TOP offset, then there are administrative procedures established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought."  *Walker v. United States*, No. 14-cv-0205 (WJN), 2014 WL 2505669, at *3 (M.D. Pa. June 3, 2014).  "After an administrative procedure regarding TOP offset debt is exhausted, a [defendant] may then file an action in federal court challenging this offset decision."  *Id.*

Accordingly, Ms. Peirce must first seek administrative relief with the government before asking for the Court's intervention.  Although Ms. Peirce asserts that she has "been actively engaging" with the FLP since September 2018, that is not sufficient.  (Reply at 2.)  As the government proposes, she must first complete the Financial Statement of Debtor form once the FLP re-sends it to her.  (Opposition at 3.)  If Ms. Peirce disagrees with the FLP's decision as to

her future restitution payments, then she may administratively appeal that decision and, if needed, seek judicial review once all administrative remedies are exhausted.

      For all these reasons, Ms. Peirce's request is DENIED without prejudice to renewal once Ms. Peirce has exhausted her claim before the agency.  The Clerk of Court is respectfully directed to mail a copy of this order to Ms. Peirce.

SO ORDERED.

Dated: August 7, 2024
New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation